UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID ROMBOUSEK,

                 Plaintiff,

-against-

TRINITY COMPANY; SUPERVISOR HARRY; SUPERVISOR JOHN DOE; SRG COLBY & SRG GESSNER, ORANGE COUNTY CORRECTIONS,

                 Defendants.

21-CV-3672 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is currently incarcerated in Greene Correctional Facility, brings this pro se action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was held in the Orange County Jail. By order dated May 14, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1]

## DISCUSSION

### A.  Service on Named Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Trinity Company, Sergeant Colby, and Sergeant Gessner through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.**    ***Valentin* Order**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Orange County Department of Corrections to identify Trinity supervisors "Harry" and John Doe, who Plaintiff alleges were working at the Orange County Jail on January 17, 2021. It is therefore ordered that the County Attorney for Orange County, who is the attorney for and agent of the Orange County Department of Corrections, must ascertain the

identity of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Orange County Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant and providing the full name of "Harry." The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Trinity Company, Sergeant Colby, and Sergeant Gessner, and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

The Clerk of Court is directed to mail a copy of this order and the complaint to the County Attorney for the County of Orange at: 255-275 Main Street, Goshen, New York 10924.

SO ORDERED.

Dated:   June 17, 2021
         White Plains, New York

                                         KENNETH M. KARAS
                                         United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Trinity Food Company
   Orange County Jail
   110 Wells Farm Rd.
   Goshen, NY 10924

2. Grievance Coordinator Sergeant Colby
   Orange County Jail
   110 Wells Farm Rd.
   Goshen, NY 10924

3. Sergeant Nicolas Gessner, Shield #138
   Orange County Jail
   110 Wells Farm Rd.
   Goshen, NY 10924