UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID ROMBOUSEK,

         Plaintiff,

  v.

TRINITY COMPANY, SUPERVISOR
HARRY, SUPERVISOR JOHN DOE, SRG.
COLBY AND SRG. GESSNER OF
ORANGE COUNTY CORRECTIONS,

         Defendants.

No. 21-CV-3672 (KMK)

OPINION & ORDER

Appearances:

David Rombousek
Coxsackie, NY
*Pro Se Plaintiff*

Kellie Elizabeth Lagitch, Esq.
Office of the Orange County Attorney
Goshen, NY
*Counsel for Defendants Colby & Gessner*

Richard David Lane, Esq.
Marshall Dennehey Warner Coleman & Goggin
New York, NY
*Counsel for Defendant Trinity*

KENNETH M. KARAS, District Judge:

  David Rombousek ("Plaintiff"), currently residing at Greene Correctional Facility, brings this Action, pursuant to 42 U.S.C. § 1983, against Trinity Company ("Trinity"), Supervisor Harry, Supervisor John Doe, Orange County Corrections Sergeant Colby ("Colby"), and Orange County Corrections Sergeant Gessner ("Gessner"; together with Colby, "County Defendants"; and collectively, "Defendants"). (*See generally* Compl. (Dkt. No. 1).) Before the Court are

County Defendants' Motion to Dismiss the Complaint and Trinity's Motion to Dismiss the Complaint, both pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* County Defs.' Not. of Mot. (Dkt. No. 29); Trinity's Not. of Mot. (Dkt. No. 34).) For the reasons that follow, both Motions are granted.

## I.  Background

### A.  Factual Background

The following facts are taken from the Complaint and the exhibits attached thereto and are assumed to be true for purposes of resolving the instant Motions. *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

Plaintiff alleges that on January 17, 2021, while he was incarcerated at Orange County Jail, he chipped his tooth and tarnished his enamel due to a rock and dirt "once again" being in his food. (Compl. 5, 8.)[1] Plaintiff specifically alleges that Supervisor Harry and Supervisor John Doe were "on scene" and "present" when they served a meal of "NavyBean&Turkeham," which Plaintiff alleges "contained dirt [and] rocks on multiple occasions." (*Id.* at 8.) Plaintiff also generally alleges that Trinity is in violation of health and nutrition codes due to "unsanitary conditions." (*Id.* at 5.)

Plaintiff next alleges that Colby violated Plaintiff's First Amendment rights by "neglect[ing] to address" a "multi-signed petition" that Plaintiff "tried [sic] to organize" regarding the food served at the facility. (*Id.* at 5, 8.) Plaintiff alleges that Gessner also violated Plaintiff's First Amendment rights because he "denied [him] a grievance." (*Id.* at 5.)

---

[1] When citing to the Complaint, the Court will refer to the ECF-stamped page number in the top right corner of each page.

2

B. Procedural History

Plaintiff's Complaint was docketed on April 23, 2021. (Dkt. No. 1.) On May 14, 2021, the Court granted Plaintiff's request to proceed in forma pauperis. (Dkt. No. 6.) On June 17, 2021, the Court issued an Order of Service in which it ordered County Defendants to "ascertain the identity of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served" and provide that information to Plaintiff within 60 days. (Dkt. No. 9.) The Court then ordered Plaintiff to file an amended complaint naming the John Doe defendant and providing the full name of "Harry" within 30 days of receiving the information from County Defendants. (*Id.*) Accordingly, County Defendants filed a letter on August 18, 2021 "confirm[ing] that only one Trinity employee, Sydney Luckner, was working in the kitchen on January 17, 2021." (Dkt. No. 14.) County Defendants also provided an address in accordance with the Court's Order of Service. (*See id.*) Plaintiff did not file an Amended Complaint. (*See* Dkt.)

On August 24, 2021, Trinity filed a Motion to Dismiss and accompanying papers. (Dkt. Nos. 17–19.) On August 26, 2021, the Court dismissed Trinity's Motion for failure to comply with the Court's Individual Rules. (Dkt. No. 20.) On September 17, 2021, County Defendants filed a letter outlining the grounds for their anticipated Motion To Dismiss. (Dkt. No. 23.) On the same day, Trinity also filed a letter outlining the grounds for their anticipated Motion To Dismiss. (Dkt. No. 25.) On October 7, 2021, via a memo endorsement, the Court set a briefing schedule for the Motions. (Dkt. No. 27.) On November 8, 2021, Defendants filed their Motions to Dismiss and accompanying papers. (Dkt. Nos. 29–38.) On December 21, 2021, County Defendants filed a supplemental declaration, (Dkt. No. 39), and the next day, Trinity did the

3

same, (Dkt. No. 41). Because Plaintiff did not file an Opposition, the Court considers the Motions to be fully briefed.

## II. Discussion

### A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (alteration in original)

(quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

Where, as here, a plaintiff proceeds pro se, the court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics omitted)).

B. Analysis

The Court construes the Complaint as raising First and Fourteenth Amendment claims. Defendants each move to dismiss the Complaint on multiple grounds, arguing, inter alia, (i) that Plaintiff has failed to identify an unconstitutional custom, policy, or practice sufficient to state a *Monell* claim, (*see* County Defs.' Mem. of Law in Supp. of Mot. to Dismiss Compl. ("County Defs.' Mem.") 3–6 (Dkt. No. 31); Trinity Defs.' Mem. of Law in Supp. of Mot. to Dismiss Compl. ("Trinity's Mem.) 5–6 (Dkt. No. 37)); (ii) that Plaintiff fails to state a claim for a violation of his First Amendment Rights, (County Defs.' Mem. 6–7); (iii) that Plaintiff fails to state a conditions-of-confinement claim under the Fourteenth Amendment, (*id.* at 7–9; Trinity's Mem. 2–4), and (iv) that Plaintiff fails to allege the personal involvement of Supervisor Harry and Supervisor John Doe, (Trinity's Mem. 7). The Court will address these arguments to the extent necessary to resolve the Motions.

1. Conditions of Confinement Claim

Plaintiff states that during the time that the alleged constitutional violations occurred, he was incarcerated in the Orange County Jail. (*See* Compl. 2.) However, it is not clear from the Complaint whether Plaintiff was a pre-trial detainee or a convicted inmate. (*See generally* Compl.) "A pretrial detainee's claims of unconstitutional conditions of confinement are evaluated under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment," because pretrial detainees "have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citations omitted). A convicted inmate's conditions of confinement claim, on the other hand, is evaluated under the Eighth Amendment. *See Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). However, under

6

either Amendment, a plaintiff "must satisfy two prongs to prove a claim." *Darnell*, 849 F.3d at 29. "First, the plaintiff must allege an 'objective' element, which requires a showing that the challenged conditions are sufficiently serious." *Drew v. New York City Health & Hosps. Corp.*, No. 19-CV-4067, 2022 WL 44751, at *5 (S.D.N.Y. Jan. 5, 2022). Second, the plaintiff must allege a subjective element "showing that the officer acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29.

"The standard for th[e] objective element is the same under the Fourteenth Amendment as under the Eighth Amendment . . . ." *Drew*, 2022 WL 44751, at *5. Thus, for purposes of analysis under the objective element, the Court will consider cases under both the Fourteenth and Eighth Amendments. "[T]o establish an objective deprivation, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Licari v. Toulon*, No. 22-CV-00148, 2022 WL 493210, at *4 (E.D.N.Y. Feb. 17, 2022) (quoting *Molina v. County of Westchester*, No. 16-CV-3421, 2017 WL 1609021, at *2 (S.D.N.Y. Apr. 28, 2017)). "There is no static test to determine whether a deprivation is sufficiently serious; instead, the conditions themselves must be evaluated in light of contemporary standards of decency." *Id.* (quoting *Molina*, 2017 WL 1609021, at *2). "Accordingly, [the Second Circuit] has repeatedly reiterated that conditions of confinement cases involve fact-intensive inquiries." *Darnell*, 849 F.3d at 31 (citing *Willey v. Kirkpatrick*, 801 F.3d 51, 68–69 (2d Cir. 2015)).

"The second, subjective prong, is different for a deliberate indifference [to conditions of confinement] claim depending on whether it arises under the Eighth or Fourteenth Amendments." *Licari*, 2022 WL 493210, at *4. Under the Eighth Amendment, a plaintiff "must demonstrate that, subjectively, prison staff acted with 'deliberate indifference to inmate health or

safety' in failing to address the purported danger." *Reyes v. Wenderlich*, 779 F. App'x 55, 56 (2d Cir. 2019) (summary order) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Under the Fourteenth Amendment, the subjective prong requires that a "pretrial detainee must prove that the defendant-official acted intentionally . . . or recklessly failed to act with reasonable care to mitigate the risk that the . . . defendant-official knew, or should have known, [to exist]." *Darnell*, 849 F.3d at 35 (referring to this subjective prong as the "mens rea prong"); *see also Licari*, 2022 WL 493210, at *4. As noted above, it is not clear from the Complaint whether Plaintiff was a pre-trial detainee or a convicted inmate.

Applying the objective element to Plaintiff's allegations here, the Constitution requires that prison officials provide inmates with "'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" *Willey*, 801 F.3d at 69 (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (per curiam)). "[T]he Eighth Amendment requires that prisoners receive food that is adequate to maintain health; it need not, however, be either tasty or aesthetically pleasing." *Morrow v. Cnty. of Nassau*, No. 15-CV-4793, 2015 WL 6691672, at *4 (E.D.N.Y. Nov. 3, 2015); *see also Vann v. Griffin*, No. 16-CV-9903, 2018 WL 6199860, at *7 (S.D.N.Y. Nov. 28, 2018) ("Exposure to germs alone does not create a deprivation sufficiently serious to satisfy the objective prong."). "Because society does not expect or intend prison conditions to be comfortable, only *extreme* deprivations are sufficient to sustain a conditions-of-confinement claim." *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999) (emphasis added). Therefore, courts impose a high bar to success on a conditions of confinement claim based on a theory that the food provided in a prison or jail was inadequate. *See, e.g., Roundtree v. City of New York*, No. 15-CV-8198, 2018 WL 1586473, at *8 (S.D.N.Y. Mar. 28, 2018) ("[T]he quality and

preparation of the food must fall so short of basic standards that they pose an unreasonable risk of serious damage to [the plaintiff's] health."); *Walker v. Schriro*, No. 11-CV-9299, 2013 WL 1234930, at *13 (S.D.N.Y. Mar. 26, 2013) (allegations that the plaintiff was temporarily deprived of food (among other things) were insufficient to satisfy the objective element "[g]iven that none of the[ ] [alleged] deprivations rose to an acute and conscience-shocking level"). Here, Plaintiff alleges that he chipped his tooth and tarnished his enamel due to a rock and dirt being in his food. (Compl. 5, 8.) These facts, though concerning, do not meet the high bar required for a constitutional violation. Indeed, courts within the Second Circuit have denied claims with more extreme allegations. *See, e.g.*, *Johnson v. Schiff*, No. 17-CV-8000, 2019 WL 4688542, at *13, *15 (S.D.N.Y. Sept. 26, 2019) (finding that the plaintiff did "not state[] a claim under the Fourteenth Amendment" where he alleged that "the food generally provided to inmates . . . is 'spoiled, raw, cold, [and] tampered with,' thus causing severe pain and sickness" including "serious vomiting and diarrhea"); *Roundtree*, 2018 WL 1586473, at *8 ("The sole incident of food poisoning did not pose an immediate danger to [the plaintiff's] health, especially when contrasted against other cases in which courts have found serious violations pertaining to spoiled food." (citation omitted)); *Thomas v. DeCastro*, No. 14-CV-6409, 2018 WL 1322207, at *3, *13 (S.D.N.Y. Mar. 13, 2018) (finding that an inmate could not satisfy the objective prong where his food was defecated on by a bird flying in the mess hall); *Phillips v. LaValley*, No. 12-CV-609, 2014 WL 1202693, at *12 (N.D.N.Y. Mar. 24, 2014) (finding that an inmate's food tray being "contaminated" with a cockroach poses a condition that is "insufficiently serious to sustain an Eighth Amendment conditions of confinement claim"); *cf. Wilson v. Annucci*, No. 18-CV-0391, 2020 WL 1979210, at *2, *5–6 (N.D.N.Y. Apr. 23, 2020), *report and recommendation adopted*, 2020 WL 5229375 (N.D.N.Y. Sept. 2, 2020) (collecting cases and finding, on a motion for

9

summary judgment, that plaintiffs could not meet the objective element where they alleged that "[b]irds were present in the mess hall where [p]laintiffs ate meals," "[the] [p]laintiffs frequently saw bird feces in eating areas of the mess hall," and, "[a]t times, human blood spatter resulting from inmate altercations was also visible in eating areas"); *Mitchell v. Goord*, No. 04-CV-366, 2007 WL 189087, at *5 (N.D.N.Y. Jan. 22, 2007) (explaining, on a motion for summary judgment, that allegations of, inter alia, an "infestation by vermin, insects, rats, and mice" does not rise to the level of an Eighth Amendment violation).

Because Plaintiff cannot meet the objective prong, Plaintiff's conditions of confinement claims are therefore dismissed, and the Court need not address whether the Plaintiff can meet the subjective prong.

### 2. First Amendment Claims

Plaintiff next alleges that Colby violated his First Amendment rights by "neglect[ing] to address" a "multi-signed petition" that Plaintiff "tried [sic] to organize" regarding the food served at the facility. (Compl. 5, 8.) Plaintiff also alleges that Gessner violated his First Amendment rights because Gessner "denied [him] a grievance." (*Id.* at 5.)

As an initial matter, Plaintiff notably does not allege that he was not permitted to circulate the petition. Indeed, Plaintiff's allegation that it was "multi-signed," (Compl. 8), suggests that he successfully circulated it among his fellow inmates.

With respect to Plaintiff's allegations that the petition was "denied" or ignored and that he was "denied" the opportunity to file a grievance, (*see id.* at 5), "[t]he First Amendment protects a prisoner's right to meaningful access to the courts and to petition the government for the redress of grievances." *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369–70 (W.D.N.Y. 2005) (citing *Bill Johnson's Rest., Inc. v. NLRB*, 461 U.S. 731, 741 (1983)). "However, inmate

grievance programs created by state law are not required by the Constitution and[,] consequently[,] allegations that prison officials violated those procedures do[] not give rise to a cognizable § 1983 claim." *Id.* (citing *Cancel v. Goord*, No. 00-CV-2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001)). "Therefore, the refusal to process an inmate's grievance or failure to see to it that grievances are properly processed does not create a claim under § 1983." *Cancel*, 2001 WL 303713, at *3 (dismissing the amended complaint where the plaintiff alleged that the defendant "failed to process" his grievance because such allegations do not give rise to a constitutional claim); *see also Cisse v. Annucci*, No. 22-CV-0156, 2022 WL 1183274, at *11 (N.D.N.Y. Apr. 21, 2022) ("The Constitution does not mandate . . . that prisoners be provided access to a grievance procedure during their incarceration."); *Davis v. Westchester Cnty.*, No. 20-CV-517, 2021 WL 3604762, at *7 (S.D.N.Y. Aug. 12, 2021) ("[T]here is no constitutional right of access to the established inmate grievance program.").

Plaintiff has therefore failed to state a claim based on his allegations that his petition was ignored and he was denied the opportunity to file a grievance, and those claims are dismissed.[2]

---

[2] To the extent that Plaintiff attempts to assert *Monell* claims, those claims are dismissed. That is because "a prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor." *Moore v. City of New York*, No. 18-CV-496, 2019 WL 2616195, at *8 (S.D.N.Y. June 26, 2019); *see also Bolden v. Cnty. of Sullivan*, No. 11-CV-4337, 2013 WL 1859231, at *2 (2d Cir. May 6, 2013) (summary order) ("[B]ecause the district court properly found no underlying constitutional violation, its decision not to address the County defendants' liability under *Monell* was correct."); *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action . . . it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." (emphasis omitted)); *Thomas v. County of Westchester*, No. 12-CV-6718, 2013 WL 3357171 at *6 (S.D.N.Y. July 3, 2013) ("Absent an underlying violation, a *Monell* claim cannot lie."). Thus, having found no underlying constitutional violations, the Court dismisses any *Monell* claims brought by Plaintiff.

III. Conclusion

For the reasons stated above, all of Plaintiff's claims are dismissed. Because this is the first adjudication of Plaintiff's claims on the merits, the Complaint is dismissed without prejudice. Plaintiff may file an amended complaint within 30 days of the date of this Opinion & Order. The amended complaint should contain appropriate changes to remedy the deficiencies identified in this Opinion & Order. Plaintiff is advised that the amended complaint will replace, not supplement, the instant Complaint, and therefore must contain all of the claims, factual allegations, and exhibits that Plaintiff wishes the Court to consider. If Plaintiff fails to abide by the 30-day deadline, his claims may be dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the instant Motions, (Dkt. Nos. 29, 34), and mail a copy of this Opinion & Order to Plaintiff.

SO ORDERED.

DATED:   June 29, 2022
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE